UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID LAINEZ,

Plaintiff,

v.

RENTON POLICE,

Defendant.

CASE NO. 17-723-TSZ-JPD

ORDER TO SHOW CAUSE WHY SUMMARY JUDGMENT SHOULD NOT BE GRANTED

This is a 42 U.S.C. § 1983 prisoner civil rights action alleging that several Renton Police Officers used excessive force against the plaintiff. The Court, having considered the § 1983 complaint and the files and records herein, does hereby find and ORDER:

(1) On June 15, 2017, defendant filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), which was noted on the Court's calendar for consideration on July 7, 2017. Dkt. 9. To date, plaintiff has not responded to that motion. Defendant also filed a June 15, 2017 motion asking the Court to take judicial notice pursuant to Fed. R. of Evid. 201 of four state court documents on public file in plaintiff's criminal case, *State of Washington v. Lainez*, Case. No. 13-1-11267-8 KNT. Dkt. 10 at 1-2 (citing *MGIC Indem. Corp. v. Weisman*,

803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of a matter of public record outside the pleadings on a motion to dismiss)).

When resolving a motion to dismiss for failure to state a claim, the Court generally may not consider materials outside the pleadings. *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Although the Court may take judicial notice of proceedings in other courts, the Court finds that defendant's motion to dismiss, Dkt. 9, is more properly brought as a motion for summary judgment because resolution of the motion necessitates careful scrutiny of several documents outside of the pleadings. Indeed, defendant relies almost entirely upon court documents from plaintiff's criminal proceedings, rather than information from the pleadings, to support the City's contention that plaintiff's excessive force clamis are time-barred by the three-year statute of limitations. Dkt. 9 at 2-3. *Compare Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997) (resolving a statute of limitations question on a motion to dismiss, although it requires taking judicial notice of documents filed in other cases, because "in this case . . . the pleadings themselves contain a detailed account of the procedural history of the case, reciting the chronology of what happened…"). For example, defendant concedes that expiration of the statute of limitations in this case is not a foregone conclusion simply because the events at issue took place in 2013 as plaintiff is entitled to the benefit of statutory tolling for any period of imprisonment on a criminal charge. Dkt. 9 at 5-6. Thus, the Court will construe defendant's motions, Dkt. 9-10, as a motion for summary judgment.

(2) Plaintiff shall show cause by no later than **Friday, July 28, 2017** why defendant's motion for summary judgment should not be granted and why this action should not be DISMISSED with prejudice, pursuant to Federal Rule of Civil Procedure 56 and LCR 7(b)(2).

Plaintiff is advised, pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and Federal Rule of Civil Procedure 56, that **he has a right to file counter-affidavits or other responsive evidentiary materials in opposition to defendant's motion for summary judgment and that his failure to file such materials may result in the entry of summary judgment against him.** If the motion for summary judgment is granted, plaintiff is advised that his case will be over. Thus, if plaintiff fails to file opposing counter-affidavits or other evidence, defendant's evidence might be taken as truth, and final judgment may be entered against plaintiff **without a trial**.

(3) The Clerk is directed to RE-NOTE defendant's motion for summary judgment, Dkts. 9-10, on the Court's calendar for consideration on **Friday, July 28, 2017.** The Clerk is further directed to send copies of this Order to plaintiff, to counsel for defendant, and to the Honorable Thomas S. Zilly.

Dated this 14th day of July, 2017.

James P. Donohue

JAMES P. DONOHUE
Chief United States Magistrate Judge