UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID LAINEZ, | CASE NO. C17-723-TSZ-JPD |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| RENTON POLICE, | |
| Defendant. | |

## I.     INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff David Lainez, a state prisoner at the Washington Corrections Center in Shelton, Washington, is proceeding *pro se* and *in forma pauperis* ("IFP") in this 42 U.S.C. § 1983 civil rights action against the City of Renton's Police Department. Dkt. 4. Plaintiff's complaint alleges that officers employed by defendant used excessive force to arrest him on June 29, 2013. Dkt. 4 at 3. The present matter comes before the Court on defendant's unopposed motion for summary judgment. Dkt. 9; Dkt. 10.[1] Having considered the parties' submissions, the balance

---

[1] As discussed in the Court's July 14, 2017 Order to Show Cause, defendant filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. 9, as well as a motion asking the Court to take judicial notice of several state court documents pursuant to Fed. R. of Evid. 201. Dkt. 10. Because the Court finds that defendant's motion to dismiss is more properly brought as a motion for

REPORT AND RECOMMENDATION - 1

of the record, and the governing law, the Court recommends that defendant's motion for summary judgment, Dkt. 9-10, be GRANTED, and plaintiff's case be DISMISSED with prejudice.

## II.    FACTS AND PROCEDURAL HISTORY

Plaintiff alleges in his complaint that during his arrest on June 29, 2013, several Renton Police Officers used excessive force that violated his civil rights.  Specifically, plaintiff asserts that he was confronted by police outside a bar in Renton, Washington, and "told that I was not allowed to be at the bar."  Dkt. 4 at 3.  Plaintiff's backpack was seized, and then an officer advised him that he was under arrest.  *Id*.  Plaintiff states that he "resisted and shoved the officer with [his] shoulder."  *Id*.  In response, officers "shot me with a tazer [sic]."  *Id*.  Plaintiff asserts that he "took it off," presumably referring to the taser electrodes, at which time another officer ordered plaintiff to "stop resisting" before plaintiff was "tazed [sic] from behind and tackled to the ground."  *Id*.  While on the ground, plaintiff contends that he was "punched and held face down and tazed [sic] with more than one tazer [sic] for about a long minute then I was handcuffed and choked by an idiot police with his forearm for another long minute."  *Id*.  Lastly, plaintiff asserts that his handcuffs were tightened "on purpose until I arrived at booking," resulting in his hands being swollen by the time he arrived at the jail.  *Id*. at 5.

Plaintiff was charged in state court with two accounts of assault in the third degree and one count of resisting arrest because of his June 29, 2013 encounter with police.  Dkt. 10, Ex. A at 2.  Based on events that took place prior to plaintiff's June 29, 2013 encounter, plaintiff was also charged with one count of felony stalking.  Dkt. 10, Ex. A (Second Amended Information).

---

summary judgment pursuant to Fed. R. Civ. P. 56, the Court construes defendant's motions, Dkts. 9-10, as a motion for summary judgment.

Plaintiff pled guilty to one count of felony stalking with rapid recidivism and two counts of assault in the fourth degree. Dkt. 10, Ex. D at 3. He was sentenced to a total of seventy-two months on February 14, 2014, with sixty months in the custody of the Department of Corrections and an additional twelve months in Community Custody. Dkt. 10, Ex. B (Judgment and Sentence Felony). However, plaintiff's sentence was amended on April 1, 2014, because at the time of his conviction, the statutory maximum sentence for felony stalking was only sixty months. Dkt. 10, Ex. C (Order Amending Judgment and Sentence). Although plaintiff appealed his amended sentence, his conviction was affirmed by the Washington State Court of Appeals in an unpublished opinion dated July 27, 2015. Dkt. 10, Ex. D.[2]

Plaintiff filed his IFP application and proposed complaint in this § 1983 action on May 8, 2017. Dkt. 1; Dkt. 1-1. He requests relief in the form of being cleared of his prior criminal history, $300,000,000,000 in compensatory and punitive damages, and waiver of his court fees. Dkt. 1-1 at 4. On June 15, 2017, defendant filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. 9, as well as a motion asking the Court to take judicial notice of several state court documents pursuant to Fed. R. of Evid. 201. Dkt. 10. Specifically, defendant argues that this action is time-barred by the three-year statute of limitations. Dkt. 9 at 5.

The Court advised the parties that it would construe defendant's motions, Dkts. 9-10, as a motion for summary judgment, and ordered plaintiff to show cause why defendant's motion should not be granted by no later than July 28, 2017. Dkt. 13. To date, plaintiff has failed to

---

[2] The Court of Appeals held that plaintiff's amended sentence was reasonable in light of plaintiff's prolonged and patterned behavior involving the same victim, renewed twice within days of being released from jail for the same or similar behavior. *Id.*

1 respond to defendant's motions or the Court's Order to Show Cause why this case should not be

2 dismissed as time-barred.

### III.    DISCUSSION

#### A.    The Summary Judgment Standard

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at 255, 257. However, summary judgment is warranted when the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party. *See Celotex*, 477 U.S. at 322.

#### B.    Plaintiff's Claims Against the Renton Police Are Untimely

In this case, the Court need not resolve any factual disputes. The Court assumes that plaintiff's excessive force claims accrued on June 29, 2013 during plaintiff's arrest by Renton police officers, because the statute of limitations accrues under federal law when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Knox v. Davis,* 260 F.3d 1009, 1013 (9th Cir. 2001); *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981). Plaintiff filed his claims against defendant on May 8, 2017, over three years and ten months after his claims accrued on June 29, 2013. Dkt. 1-1 (proposed complaint). The Court is therefore tasked with resolving the purely legal question of whether this action is timely under the applicable

statute of limitations and rules of tolling. The Court defers to neither party in answering legal

questions. *See Bendixen v. Standard Ins. Co.,* 185 F.3d 939, 942 (9th Cir. 1999).

Section 1983 contains no statute of limitations. Federal courts borrow statutes of

limitation for § 1983 claims from state law.[3] In Washington, the applicable statute is RCW

4.16.080(2), which provides a three-year limitations period. *Bradford v. Scherschligt*, 803 F.3d

382, 386 (9th Cir. 2015); *Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir. 1991).

As discussed above, plaintiff initiated this action over three years and ten months after his June

29, 2013 encounter with police. Dkt. 4.

The statute of limitations is not the end of the question, however, because federal courts

considering § 1983 claims also borrow state law for the "closely related question[ ]" of statutory

tolling. *Wilson v. Garcia,* 471 U.S. 261, 269 (1985); *see also Harding v. Galceran,* 889 F.2d

906, 907 (9th Cir. 1989) ("We look to state law to determine the application of tolling

doctrines.") (citing *Bd. of Regents v. Tomanio,* 446 U.S. 478, 486–87 (1980)). RCW 4.16.190(1)

tolls a statute of limitations for any period of "imprison[ment] on a criminal charge" between

accrual of the cause of action and sentencing:

> Unless otherwise provided in this section, if a person entitled to bring an action
> mentioned in this chapter, except for a penalty or forfeiture, or against a sheriff or
> other officer, for an escape, be at the time the cause of action accrued either under
> the age of eighteen years, or incompetent or disabled to such a degree that he or
> she cannot understand the nature of the proceedings, such incompetency or
> disability as determined according to chapter 11.88 RCW, *or imprisoned on a*
> *criminal charge prior to sentencing*, the time of such disability shall not be a part
> of the time limited for the commencement of action.

RCW 4.16.190(1) (emphasis added). Thus, persons imprisoned on a criminal charge prior to

sentencing are entitled to the benefit of tolling of the statute of limitations, but this benefit is no

---

[3] Specifically, federal courts borrow the state's "general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989).

longer available when they are serving their sentence following a conviction. *See Doggett v. Perez*, 348 F. Supp. 2d 1169 (E.D. Wash. 2004) ("the present version of RCW 4.16.190 states plain and simple that [tolling] applies only to those imprisoned on a criminal charge prior to sentencing"). *See also Gausvik v. Perez*, 392 F.3d 1006, 1009 (in light of RCW 4.16.190, the plaintiff "could not sit on his state law claims . . . after sentencing without running afoul of the applicable statute of limitations.").

Here, even assuming the facts in the light most favorable to plaintiff, tolling under RCW 4.16.190 does not make this action timely. If plaintiff was imprisoned for the entire period between his June 29, 2013 arrest and the date he was initially sentenced on February 14, 2014, he would be entitled to tolling for seven-and-a-half months.[4] If plaintiff was entitled to tolling until April 1, 2014, the date he received an amended sentence, the limitations period would be tolled for a total of nine months.[5] As discussed above, however, plaintiff did not file his proposed complaint in this action until May 8, 2017, over a month late. Dkt. 1. Thus, even with the benefit of tolling and assuming all the facts in plaintiff's favor, plaintiff failed to initiate this action within three years.

As discussed above, plaintiff has not provided any evidence to rebut defendant's showing that this action was untimely filed. Accordingly, the Court finds that defendant's motion for summary judgment, Dkts. 9-10, should be granted, and this action should be dismissed as untimely.

---

[4] In other words, the limitations period would have commenced after plaintiff's sentencing hearing on February 14, 2014, and expired three years later on or about February 15, 2017.

[5] For example, the limitations period would have commenced after the April 1, 2014 hearing, and expired on or about April 2, 2017.

IV.   CONCLUSION

For the foregoing reasons, the Court recommends that defendant's motion for summary

judgment, Dkts. 9-10, be GRANTED, and plaintiff's § 1983 action be DISMISSED with

prejudice.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

served upon all parties to this suit by no later than **September 5, 2017**.  Failure to file objections

within the specified time may affect your right to appeal.  Objections should be noted for

consideration on the District Judge's motion calendar for the third Friday after they are filed.

Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no

timely objections are filed, the matter will be ready for consideration by the District Judge on

**September 8, 2017.**

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

assigned District Judge acts on this Report and Recommendation.

Dated this 14th day of August, 2017.

JAMES P. DONOHUE
Chief United States Magistrate Judge